### In re Holly Maureen HART, Debtor.

### Bankruptcy No. 385–04631.

United States Bankruptcy Court,
D. Oregon.

May 5, 1986.

Sol Siegel, Portland, Or., for creditor.

**136**

Richard M. Friz, Portland, Or., for debtor.

Robert W. Myers, Portland, Or., Trustee.

### MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

This matter came before the court upon an objection to confirmation filed by EPICO, Schneibel and Owens (hereinafter referred to as "the creditor"). The creditor is represented by Sol Siegel of Goldsmith, Siegel, Engel & Littlefield of Portland, Oregon. The debtor is represented by Richard M. Friz.

The creditor objects to confirmation on the ground that the plan fails to provide for rejection or assumption of an alleged executory contract between the debtor and the creditor. The contract in question was for the sale of the personal property and goodwill of a tavern as well as the assignment of a lease for the premises out of which the tavern is operated. The creditor filed a financing statement to perfect its security interest in the property. The creditor failed, however, to file a continuation statement within the time required by Oregon law. As a result, the creditor's security interest lapsed.

The creditor argues, however, that its agreement with the debtor is an executory contract which must be assumed or rejected under 11 U.S.C. § 365. The creditor bases this argument on the fact that the contract requires the debtor to make payments and the creditor to deliver good title to the goods to the debtor upon completion of the payments. The relevant provision of the contract provides as follows:

7. TITLE Title to and ownership of the business, including the furniture, furnishings and equipment, goodwill and assumed business name, shall remain in the Seller until Buyer shall have paid the total purchase price hereinabove set forth and shall have kept, conformed and complied with all the terms of this agreement.

Upon strict performance and fulfillment of the terms of this agreement, Seller will then make, execute and deliver by good and sufficient instrument of conveyance the property herein to Buyer, or Buyer's assigns, but in the event such instrument of conveyance is not delivered by Seller to Buyer, then written evidence of the payment in full for the purchase price and interest shown in this agreement shall serve in lieu of such instrument and shall be deemed a clear title to the business and property covered by this agreement.

The reservation of title to goods, however, is limited in effect to a reservation of a security interest. Uniform Commercial Code § 2–401(1); ORS 72.4010(1). The mere retention of a security interest in personalty is not sufficient to make the contract executory. *In Re Pacific Express, Inc.*, 780 F.2d 1482, 14 BCD 69 (9th Cir.1986).

Therefore, the creditor's objections to confirmation must be overruled. Inasmuch as the creditor admits that its security interest lapsed, the creditor's claim should be allowed as an unsecured claim. An order consistent herewith will be entered.

This memorandum opinion constitutes the court's findings of facts and conclusions of law.